UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| CLINTON C. BARLOW, III, | : | |
| *Plaintiff,* | : | No. 3:17-cv-761 (JAM) |
| | : | |
| v. | : | |
| | : | |
| STATE ATTORNEY GENERAL, *et al.*, | : | |
| *Defendants.* | : | |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff is a resident of New Jersey. He has filed a complaint against the Attorney General of Connecticut as well as other officials of the National Association of Attorneys General, the New Jersey Attorney's General's Office, and prosecutors in New Jersey. The complaint alleges that defendants negligently failed to prosecute several unnamed agencies who in turn violated plaintiff's rights in some unspecified way. According to the complaint, the Connecticut Attorney General is at fault in his capacity as president of the National Association of Attorneys General for failure to mediate plaintiff's grievances against others.

A district court must dismiss an *in forma pauperis* action if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether a case is subject to dismissal, it is well-established that "*pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1

Although the complaint lists many different defendants, it otherwise alleges only legal conclusions of wrongdoing and does not allege facts that give rise to any plausible inference that any of the named defendants have violated plaintiff's rights. Accordingly, I conclude that the complaint must be DISMISSED as manifestly baseless pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court shall close this case. It is so ordered.

Dated at New Haven this 14th day of September 2017.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge